IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**OSCAR WOODS**                                                                                                    **PLAINTIFF**

v.                          Case No. 3:09-cv-161-DPM

**STEEL RELATED TECHNOLOGY, INC.**                                          **DEFENDANT**

ORDER

Oscar Woods has sued his employer, Steel Related Technology, on various theories under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Arkansas Civil Rights Act of 1993. Woods, who is African-American, complains that his former supervisor at Steel Related Technologies, Don Fields, who is also African-American, hit him in the chest with two fists while they were at work. And after this unprovoked assault, Fields made Woods perform a task in a dangerous manner. Woods was also given short notice for the chance to work some voluntary overtime once, was asked to park in the main employee parking lot, and was not promoted to two positions for which he did not apply because he thought applying would be futile. Woods contends the record as a whole presents disputed facts a jury must resolve on the governing law.

## I.

Steel Related Technology seeks judgment as a matter of law. FED. R. CIV. P. 56(a). Woods "may avoid summary judgment if [he] presents evidence sufficient for a reasonable factfinder to infer that [Steel Related Technology's] decision[s] [were] motivated by discriminatory animus." *Fair v. Norris*, 480 F.3d 865, 869 (8th Cir. 2007) (internal quotation omitted). Most of the material facts are undisputed; the Court takes the disputed ones to be as Woods asserts and gives him all reasonable inferences arising from the proof. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

## II.

Woods asserts these Title VII claims: racial discrimination, hostile work environment, and failure to promote.* He also pleads alternatively under § 1981 and the Arkansas Civil Rights Act. The parties seem to agree there is

---

*Woods asks the Court to apply the "cat's paw" theory — which "refers to a situation in which a biased subordinate, who lacks decision-making power, uses the formal decision-maker as a dupe in a deliberate scheme to trigger a discriminatory employment action." *Qamhiyah v. Iowa State University of Science and Technology*, 566 F.3d 733, 742 (8th Cir. 2009); *Staub v. Proctor Hospital*, 131 S. Ct. 1186, 1190 n.1 (2011) (discussing cat's paw fable). This theory does not fit this case; even if it did, it fails on the proof.

no direct evidence of discrimination; the Court likewise sees none and therefore analyzes the discrimination claims under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and related precedent. One more initial point: the Court declines to resolve the Title VII claims on the ground of limitations because the record is a bit murky, and Woods could probably pursue similar claims under § 1981 in any event.

**1. Disparate Treatment.** The hub of Woods's case is that Steel Related Technology treated him differently than similarly situated white employees. The race-based disparate treatment is that the company allegedly handled Fields's assault on Woods differently than it handled an incident where Fields hit a white employee about five years ago. The Court sees no fact issue for the jury here. Woods came forward with no evidence to support his belief that another assaulted worker was compensated or otherwise treated any differently. Steel Related Technology is entitled to judgment as a matter of law on disparate treatment.

**2. Hostile Work Environment.** Could a reasonable jury conclude that Woods works in a harassment-filled environment so "severe or pervasive" that it "affect[ed] a term, condition, or privilege" of his employment with Steel

Related Technology? *Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942 (8th Cir. 2010) (internal quotation omitted). Woods thinks so for several reasons: his employer told him once that he had to be at work in fifteen minutes if he wanted to get some overtime, asked him to park his car in a particular employee parking lot, and (again) allegedly treated a white employee assaulted by Fields five years ago differently than it treated Woods.

Having considered the entire record, the parties' arguments from it, and the applicable law, the Court concludes that Woods's hostile-work-environment claim fails for want of proof of severity or pervasiveness. That Fields punched Woods in his chest is not something any employer, or the law, may condone. But one unfortunate event—especially given that Woods was not harmed in any significant way—does not usually create a hostile work environment. *Sutherland v. Missouri Dep't of Corrections*, 580 F.3d 748, 751–52 (8th Cir. 2009); *Willis v. Henderson*, 262 F.3d 801, 809 n.4 (8th Cir. 2001). Woods makes a good point: Fields also directed him to perform a work task under unsafe conditions. But there is no proof that race had anything to do with Fields's safety blunder. And Steel Related Technology demoted Fields from a management position to an hourly job and reduced his pay for this

violation after Woods reported him. Having to park in one employee lot versus another is, as Woods acknowledged in his deposition, really no big deal. Finally, there simply is no evidence that this employer treated the other employee assaulted by Fields differently.

**3. Failure to Promote.** This claim stumbles at the threshold because Woods has failed to make his *prima facie* case. *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 937 (8th Cir. 2007); *Chambers v. Wynne School Dist.*, 909 F.2d 1214, 1217-18 (8th Cir. 1990) (applying *McDonnell Douglas* to promotion claim). Steel Related Technology posted two openings (General Foreman and Supervisor) in late 2009. The former position went to Eric Burgess, the latter to Jeffrey Horton. It is undisputed that Woods expressed no interest in these promotions. Woods says he was interested in the jobs; yet he acknowledged in his deposition that he did not sign the posted bid sheets that other employees signed to show their interest in the jobs. Woods also testified that he "took [himself] out of contention sometimes" for promotions. *Document No. 24-1, at 26*. Further, Steel Related Technology submitted additional and unchallenged proof that it had no idea Woods was interested in either

position. No duty on the part of Steel Related Technology to consider Woods is asserted.

Woods's explanation is that applying for the jobs would have been "a vain act." *Document No. 31, at 5.* The record does not, however, contain evidence of a pattern of rejected applications—from which a reasonable person might conclude that continuing to apply for promotion was futile. Nor does the record contain evidence that Steel Related Technology recruited and promoted employees who had expressed no interest in these or other positions.

There are two other reasons why no triable issue exists. First, when an employer posts a job, generally an employee must apply for it to have a *prima facie* failure-to-promote case. *E.g., Green v. City of St. Louis, Mo.*, 507 F.3d 662, 666–67 (8th Cir. 2007); *Chambers*, 909 F.2d at 1217–18. The law makes an exception where "the employer had some reason or duty to consider [the employee] for the post." *Green*, 507 F.3d at 667 (internal quotation omitted). Again: Woods did not apply for either job; and Steel Related Technology had no reason or duty to consider him for the posts. His claim thus fails on the general rule and the exception. Second, even if the Court looked past the hole

in Woods's *prima facie* case, Steel Related Technology has presented legitimate, non-discriminatory reasons for promoting Burgess and Horton. Woods does not meaningfully challenge those reasons and has otherwise "failed to produce any evidence of pretext" for intentional discrimination. *Davis v. KARK-TV, Inc.*, 421 F.3d 699, 705 (8th Cir. 2005). His claim therefore fails in any event.

   4. **Section 1981.** There is no jury question here. These alternative claims duplicate the Title VII claims and fail for the same reasons. Further, Woods offers no proof that Steel Related Technology impaired a contractual relationship under which he arguably had enforceable rights. *Withers v. Dick's Sporting Goods, Inc.*, No. 10-1191, 2011 WL 744757, at *2–*3 (8th Cir. 4 March 2011) (discussing law and proof of contractual relationship).

   5. **ACRA.** Woods's claims under the Arkansas Civil Rights Act fail as a matter of law too. Circuit precedent counsels this Court to apply analogous federal law when analyzing civil-rights claims under Arkansas law. *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 n.3 (8th Cir. 2000). The Court has done so and decides the state-law issues against Woods for the reasons given on the federal claims.

\* \* \*

Steel Related Technology's motion for summary judgment, *Document No. 23*, is granted. The motion to amend embedded in Woods's brief, *Document No. 30*, is denied for two reasons: it has come too late in the case; and the lack of a proposed amended complaint, LOCAL RULE 5.5(e), or specific factual allegations and claims in Woods's briefing, leaves the Court unable to evaluate any proposed amendment. Woods's allegation of retaliation based on his EEOC charge, *Document No. 3*, at ¶19, has not been argued since the pleadings; if not abandoned, the claim fails for lack of proof creating a factual dispute for the jury. The Court dismisses Woods's amended complaint, *Document No. 3*, with prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____31 March 2011_____